**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID KINLOCK** and **JOSE SALCEDO,** on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**HEALTHPLUS SURGERY CENTER, LLC,**<br><br>**Defendant.** | Civ. No. 2:19-00962 (WJM) (MF)<br><br>**ORDER ADOPTING REPORT AND RECOMENDATION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      **THIS MATTER** comes before the Court upon the Report and Recommendation of Magistrate Judge Mark Falk. ECF No. [12]. Plaintiffs David Kinlock and Jose Salcedo initially filed their complaint in New Jersey Superior Court and Defendant HealthPlus Surgery Center, LLC ("HealthPlus") removed to this Court. In response to Plaintiffs' motion for remand, Judge Falk issued a Report and Recommendation, which, for the reasons set forth below, the Court **ADOPTS** in full.

      **I.    BACKGROUND**

      HealthPlus is a surgical center located in Saddle Brook, New Jersey. ECF No. [1-1], Exhibit B ("Compl.") ¶ 10. Plaintiffs are New Jersey citizens and former patients at HealthPlus who underwent surgical procedures between January 1, 2018 and September 7, 2018. *Id.* ¶¶ 7–8. On September 7, 2018, the New Jersey Department of Health ordered HealthPlus to close due to its failure to properly maintain sterile medical hardware and instruments. *Id.* ¶ 11. In December 2018, HealthPlus mailed form notices to approximately 3,700 former patients—including Plaintiffs—notifying the recipients of their potential exposure to HIV, Hepatitis B, and Hepatitis C ("the Notice"). *Id.* ¶¶ 13–14. The Notices explained that due to HealthPlus' "lapses in infection control in sterilization/cleaning instruments" they would offer recipients a "single 'free' blood test." *Id.* ¶¶ 15–17. The Notices stated that "it is important to know your infection status regarding these diseases, because there are medical treatments available." *Id.* The Notices did not elaborate on any specific treatment options for those who contract infections.

1

Based on these facts, Kinlock[1] filed this putative class action on behalf of approximately 3,700 HealthPlus patients on January 3, 2019, alleging that the "single free blood test" is wholly inadequate in addressing the needs and safety of the putative class. *Id.* ¶¶ 1–2. Plaintiffs seek injunctive relief in the form of a court-administered medical monitoring program for class members. *Id.* ¶ 5. Plaintiffs seek to represent "[a]ll New Jersey citizens who received a form notice from Defendant which was identical or substantially similar to [the Notices]." ECF No. [1-1] at 30.

On January 23, 2019, HealthPlus removed the case to this Court invoking federal diversity jurisdiction under CAFA. Plaintiffs moved to remand on January 28, 2019 on the grounds that the requirements for jurisdiction under CAFA are not satisfied because all the parties involved are New Jersey citizens. On April 23, 2019, Judge Falk issued a Report and Recommendation recommending remand. ECF No. [12]. HealthPlus objected, ECF No. [14], and Plaintiffs filed a response to HealthPlus' objections, ECF Nos. [15] & [16].

## II. STANDARD OF REVIEW

Motions to remand to state court are dispositive motions. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). With respect to dispositive motions, such as Plaintiffs' remand motion here, the district court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a litigant objects. 28 U.S.C. § 636 (b)(1)(C); Fed. R. Civ. P. 72(b). New Jersey Local Rule 72.1(c)(2) further requires that objections "shall specifically identify the portions of the . . . recommendations or report to which objection is made and the basis of such objection." N.J.L.R. 72.1(c)(2).

## III. DISCUSSION

### A. The Motion to Remand

A party asserting federal jurisdiction has the burden of showing, at all stages of the litigation, that the federal court has jurisdiction and that the case is properly before the federal court. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). Federal courts are courts of limited jurisdiction and have jurisdiction over cases that either present a question of federal law or complete diversity among the parties. 28 U.S.C. §§ 1331–32. The Class Action Fairness Act of 2005 ("CAFA"), however, created an exception to this strict rule and allows for jurisdiction in federal courts over class actions when three requirements are met: (1) the amount in controversy exceeds $5,000,000, (2) the parties are minimally diverse, and (3) the class consists of at least 100 or more members. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013);

---

[1] Shortly after Kinlock filed this action, he tested positive for Hepatitis B. On January 16, 2019, Plaintiffs filed an Amended Complaint adding Jose Salcedo as a named plaintiff to represent those class members who had not tested positive for Hepatitis B. Although Plaintiff Kinlock is listed as a party in this matter, it appears he was voluntarily dismissed from the state court action prior to removal. ECF No. [2-1] at 6–7.

*Gallagher v. Johnson & Johnson Consumer Co. Inc.*, 169 F. Supp. 3d 598, 601 (D.N.J. 2006).

Here, the Court finds that Magistrate Judge Falk issued a thorough, comprehensive, and well-reasoned Report and Recommendation. The Report examined the jurisdictional question in detail and recommended that the Court find it lacks jurisdiction. ECF No. [12]. HealthPlus articulates three overlapping objections, which, at bottom, urge the Court to find that even if the class definition explicitly limits Plaintiffs' class to New Jersey citizens, Plaintiffs have impliedly pleaded a class that includes non-New Jersey residents based on certain general references to the Notice recipients in the Amended Complaint. ECF No. [14] at 6–13. In response, Plaintiff argues that Defendant's objection simply "recycle" its prior arguments articulated in opposition to remand that improperly urge the Court to ignore Plaintiff's class definition as set forth in the Amended Complaint. ECF No. [16].

The Court finds Defendant's objections without merit. A plaintiff is the master of his complaint and may construct a proposed class however he so chooses, including to intentionally to avoid jurisdiction under CAFA. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006); *Kendall v. CubeSmart L.P.*, No. 15-6098, 2015 WL 7306679, at *3 (D.N.J. Nov. 19, 2015). Whether a court has diversity jurisdiction depends on the citizenship of the proposed class members, which is determined by reference to the proposed class definition. *Gallagher*, 169 F. Supp. 3d at 602–04 (citing *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75 (1st Cir. 2009)).

Here, as Judge Falk's Report and Recommendation notes, Plaintiff places two contingencies on class membership: (1) New Jersey citizenship, and (2) receiving a Notice from HealthPlus. The plain language of the Plaintiffs' putative class definition leaves no room for uncertainty about the requirements for class membership, and the Court need not look beyond the putative class definition. However, even if the Court were to look to the other allegations in the Amended Complaint, Defendant's argument that Plaintiffs' reference to the Notice recipients creates diversity belies the plain language of Plaintiffs' pleading: "This is a class action brought on behalf of the over 3,700 *New Jersey citizens* who received a form notice form Defendant . . . ." Compl. ¶ 1. The Court declines Defendant's invitation to contort "stray allegations from other parts of the pleading to define the class" when the class definition expressly limits class membership to only New Jersey citizens and unequivocally excludes citizens of all other states. *Gallagher*, 169 F. Supp. 3d at 604. The Court accordingly rejects Defendant's objections and adopt Judge Falk's Report and Recommendation as to the motion to remand in full.

### B. Attorneys' Fees

Neither party objected to that portion of Judge Falk's Report and Recommendation recommending the Court decline to award attorneys' fees and costs. An "[o]rder remanding a case may require the payment of just costs and any actual

expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, absent unusual circumstances, the court may award attorneys' fees only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court lacks federal jurisdiction, the Court agrees with Judge Falk's Report and Recommendation that attorneys' fees are unwarranted. Jurisdictional analysis under CAFA is complex, and it cannot be said that HealthPlus had an objectively unreasonable basis for removal.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation is adopted in full and the case is remanded to the New Jersey Superior Court.


**Dated: June 18, 2019**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**